IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JAMES J. GUINN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:18-CV-135-CAR |
| SETERUS, INC., | : |
| Defendant. | : |

## ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff James J. Guinn, proceeding *pro se*, filed this action against Defendant Seterus, Inc. asserting multiple claims arising out of the scheduled foreclosure of his home. Plaintiff originally filed the action in the Walton County Superior Court, and Defendant removed it here pursuant to the Court's diversity jurisdiction. Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint as an impermissible "shotgun" pleading and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court **HEREBY GRANTS** Defendants' Motion [Doc. 5] and **DISMISSES** Plaintiff's Complaint [Doc. 1-1] for failure to state a claim upon which relief can be granted. Plaintiff's Motion for Temporary Restraining Order [Doc. 10] is **DENIED**.

1

**BACKGROUND**

The Court accepts all factual allegations in the Complaint as true and construes them in the light most favorable to Plaintiff.

On January 26, 2007, Plaintiff obtained a loan for $231,000.00 from Prestige Mortgage Company ("Prestige").[1] To secure repayment of the debt, Plaintiff signed a Security Deed to 1290 Nunnally Farm Road, Monroe, Georgia (the "Property") in favor of Prestige (the "Loan"). Prestige then assigned the Security Deed to JPMorgan Chase Bank pursuant to a written assignment recorded with the Walton County Recorder of Deeds on February 6, 2007.[2] Thereafter, JPMorgan Chase assigned the Security Deed to Federal National Mortgage Association ("Fannie Mae") pursuant to a written assignment recorded with the Walton County Recorder of Deeds on December 24, 2014.[3] The Security Deed authorizes nonjudicial foreclosure on the Property upon the borrower's default.[4]

On a date uncertain, Defendant Seterus began servicing the Loan pursuant to a Pooling and Servicing Agreement.[5] Defendant sent Plaintiff his monthly mortgage statements, and Plaintiff alleges Defendant presented itself as the owner of the loan.

---

[1] Complaint, ¶ 5 [Doc. 1, p. 10]; Security Deed, [Doc. 1., pp. 44-59].
[2] Assignment [Doc. 5-2].
[3] Assignment [Doc. 5-3]. Defendant filed copies of both Assignments as exhibits to its Motion. Although Plaintiff did not attach the Assignments to the Complaint, the Court does not have to convert the Motion to Dismiss into one for summary judgment. The Court can review documents specifically referenced in the Complaint, *see Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997), and can take judicial notice of public records and consider them on a motion to dismiss. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).
[4] *Id.* at ¶ 53.
[5] Complaint at ¶ 8.

When Plaintiff defaulted on his mortgage payments, Defendant sent Plaintiff notices of default and eventually, in August 2018, a notice of foreclosure, although Plaintiff states he never received such notice.[6] Plaintiff submitted modification applications on multiple occasions to stop the foreclosure.[7] Plaintiff contends Defendant "engaged in 'dual track foreclosure' by failing to process, or engaging in delay tactics in processing, Plaintiff's modification application [by] scheduling a foreclosure sale" and "summarily and arbitrarily deny[ing] Plaintiff's modification applications."[8] Defendant scheduled a non-judicial foreclosure sale of Plaintiff's home for October 2, 2018.[9]

On October 1, 2018, the day before the scheduled sale, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Georgia.[10] Defendant states that in light of the bankruptcy action, it cancelled the foreclosure sale.[11]

On September 5, 2018, Plaintiff, proceeding *pro se*, filed this action in the Walton County Superior Court specifically asserting seven claims under Georgia state law. On

---

[6] Complaint at ¶¶ 9 and 12.
[7] *Id.* at ¶ 14.
[8] *Id.* at ¶ ¶ 14 and 15.
[9] *Id.* at ¶ 24.
[10] Chapter 13 Bankruptcy Petition [Doc. 5-4]. Again, the Court can take judicial notice of public records and consider them on a motion to dismiss. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).
[11] Motion to Dismiss p. 3 [Doc. 5].

October 10, 2018, Defendants removed the case to this Court, invoking the Court's diversity jurisdiction.[12] Defendant then filed its Motion to Dismiss.

On February 1, 2019, Plaintiff filed a Motion for Temporary Restraining Order seeking to stop a nonjudicial foreclosure sale of the Property scheduled for March 5, 2019.

**LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[13] Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14] In the same vein, a complaint may not rest on "naked assertions devoid of further factual enhancement."[15] "Factual allegations must be enough to raise a right to relief above the speculative level."[16]

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[17] To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

---

[12] Plaintiff served Defendant with the Summons and Complaint on September 10, 2018, and therefore the Notice of Removal is timely. 28 U.S.C. § 1446(b); *see also Murphey Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day removal period runs from date of service of summons and complaint, rather than date on which complaint is filed).
[13] Fed. R. Civ. P. 8(a)(2).
[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).
[16] *Twombly*, 550 U.S. at 555.
[17] *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

relief that is plausible on its face."[18] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[20]

Generally, a court may not consider matters outside the pleadings when evaluating a motion to dismiss without converting the motion to a motion for summary judgment.[21] An exhibit to a pleading is part of the pleading and therefore may be considered.[22] A document not physically attached to a pleading may be considered if the document's contents are alleged in the complaint and no party questions its contents, provided that the document is central to the plaintiff's claim and its authenticity is not challenged.[23]

Because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[24] "This leniency, however, does not require or allow courts to rewrite an otherwise deficient

---

[18] *Iqbal*, 556 U.S. at 678 (internal quotation omitted).
[19] *Id.*
[20] *Twombly*, 550 U.S. at 556.
[21] *See* Fed. R. Civ. P. 12(d); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 166 F.3d 1364, 1368-69 (11th Cir. 1997).
[22] *See* Fed. R. Civ. P. 10(c); *Brooks*, 116 F.3d at 1368 ("[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto.").
[23] *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).
[24] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1988).

5

pleading in order to sustain an action."[25]

## DISCUSSION

I.     MOTION TO DISMISS

A. **"Shotgun" Complaint**

Defendant first seeks to dismiss Plaintiff's Complaint as an impermissible "shotgun" pleading. A "shotgun" pleading includes a complaint that fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading."[26] Although Plaintiff's Complaint is composed mainly of conclusory statements, the Court will not dismiss it as a "shotgun" pleading. Plaintiff enumerates each cause of action setting forth the facts supporting each claim.[27] Thus, Plaintiff's Complaint sufficiently gives Defendant "adequate notice of the claims against [it] and the grounds upon which each claim rests."[28] Indeed, Defendant had enough notice of Plaintiff's claims to draft a Rule 12 motion seeking dismissal on multiple grounds. "[T]his is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count."[29]

---

[25] *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).
[26] *Beckwith v. BellSouth Telecomms., Inc.*, 146 F. App'x. 368, 371 (11th Cir. 2005).
[27] *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (noting that shotgun pleadings are "framed in complete disregard of the principle that separate, discrete causes of action should be pled in separate counts"); *Anderson v. Dist. D. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (observing that in shotgun pleadings, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").
[28] *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).
[29] *Id.*

This is especially true in light of the Court's obligation to liberally construe Plaintiff's *pro se* Complaint. Moreover, the allegations are "informative enough to permit a court to readily determine if they state a claim upon which relief can be granted,"[30] which the Court does below.

B. <u>**Failure to State a Claim**</u>

Plaintiff filed this action to challenge Defendant's alleged wrongdoing in servicing Plaintiff's Loan and attempting to foreclose on the Property after Plaintiff's default on the Loan. Defendant contends all of Plaintiff's enumerated state law claims—illegal conversion, wrongful attempted foreclosure, declaratory judgment, fraud, unjust enrichment, unfair and deceptive business practices—and any alleged federal claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, ("RESPA") and the Trust in Lending Act, 15 U.S.C. § 1692 *et seq.*, ("TILA"), should be dismissed for failure to state a claim. The Court agrees.

In the Eleventh Circuit, the ordinary course of action for a court faced with a *pro se* Complaint that fails to state any claim upon which relief may be granted is to allow the plaintiff at least one opportunity to amend before dismissing a complaint with prejudice.[31] The Court, however, need not grant leave to amend if amending the

---

[30] *Id.* at 1326.

[31] *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), <u>overruled in part by</u> *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002), <u>en banc</u> (overruling *Bank* with respect to counseled complaints but not *pro se* complaints).

complaint would be futile or if the plaintiff has indicated he does not wish to amend his complaint.[32] As set forth below, Plaintiff in this case can allege no facts on re-pleading that would state plausible claims for conversion, attempted wrongful foreclosure, unjust enrichment, and any claim under TILA. Thus, those claims are dismissed with prejudice. This Court cannot say Plaintiff can allege no facts on re-pleading that may state a claim for fraud, unfair and deceptive business practices under Georgia's Fair Business Practices Act, or under RESPA. Thus, those claims are dismissed without prejudice.

1. **Illegal Conversion (Count I)**

Plaintiff accuses Defendant of attempting to "illegally convert the Subject Property to [its] own property" by scheduling a foreclosure sale "without obtaining the Original Promissory note, verifying the existence of said Note and without verifying the Lender has a right to foreclose."[33] To allege a plausible claim for conversion under Georgia law, a plaintiff must show "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property."[34]

Plaintiff's allegations cannot support a valid conversion claim. First, under Georgia law, conversion does not apply to real property.[35] Moreover, Plaintiff's claim fails

---

[32] *Id.*
[33] Complaint, ¶¶ 23, 24 (emphasis omitted).
[34] *Capital Fin. Serv. Grp., Inc. v. Hummel*, 313 Ga. App. 278, 280-81 (2011).
[35] *See, e.g., Levenson v. Word*, 294 Ga. App. 104 (2008) (citing *Adams v. Chamberlin*, 54 Ga. App. 459, 460 (1936)) ("An action for conversion and trover will not lie to recover real property.").

8

because the foreclosure sale has only been attempted; it has not been completed, and there is no allegation Defendant has ever had actual possession of the property.[36] Finally, any theory that Defendant's attempted foreclosure was unlawful because Defendant did not produce or possess Plaintiff's original Note has been repeatedly rejected. Under Georgia law, possession of the promissory note is not required for the non-judicial foreclosure sale of a security deed.[37] Thus, Plaintiff's conversion claim is hereby **DISMISSED with prejudice**.

### 2. Attempted Wrongful Foreclosure (Counts II and III)

In Counts Two and Three, Plaintiff alleges that pursuant to the Pooling and Servicing Agreement, Defendant had no authority to negotiate or modify the terms of the loan, did not notify Plaintiff of the entity who had such authority to modify, and thus wrongfully attempted to foreclose on his home.[38] Plaintiff contends Defendant's "bad faith" prevented him from knowing the true principal balance on the loan and from obtaining financing.[39]

---

[36] *See Brown v. SunTrust Bank*, No. 2:14-CV-14-RWS-JSA, 2014 WL 4925719 at *13 (N.D. Ga. Sept. 30, 2014) (dismissing conversion claim on the grounds that plaintiff failed to allege that defendant ever had actual possession of the property at issue).

[37] *See You v. JP Morgan Chase Bank*, 293 Ga. 97, 74 (2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").

[38] Complaint, ¶¶ 40, 42, and 47.

[39] *Id.* at ¶ 42.

"In Georgia 'to recover for a wrongful attempted foreclosure, the plaintiff must prove a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication.'"[40] Plaintiff makes no such allegations here. Plaintiff has alleged no facts to show Defendant published any statement about the conditions of his finances or that such a statement would be false and thus derogatory if it had been published. At most, Plaintiff's allegations indicate Defendant falsely claimed that it was the proper party to foreclose, which even if technically false, is not a derogatory statement concerning Plaintiff or his financial condition. Accordingly, his attempted wrongful foreclosure claims must be **DISMISSED with prejudice**.

### 3. Unfair and Deceptive Business Practices (Count V)

In Count V, Plaintiff alleges that Defendant engaged in unfair and/or deceptive business practices under the Georgia Fair Business Practices Act of 1975 ("FBPA") by "engaging in dual track foreclosure and charging False Servicer fees."[41] The FBPA prohibits the use of "[u]nfair or deceptive practices in the conduct of consumer transactions."[42] The FBPA does not apply, however, to "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated

---

[40] *Elliott v. Wells Fargo Bank, N.A.*, 633 Fed. App'x 917, 918 (11th Cir. 2015) (quoting *Bates v. JPMorgan Chase Bank, N.A.*, 768 F.3d 1126, 1134 (11th Cir. 2014)).
[41] Complaint ¶ 58.
[42] O.C.G.A. § 10-1-393(a).

10

by any regulatory agency of this state or the United States."[43] The Georgia Court of Appeals has interpreted this provision to mean that "the Georgia FBPA [has] a restricted application only to the unregulated consumer marketplace and that the FBPA [does] not apply in regulated areas of activity."[44]

Many courts have held the FBPA to be inapplicable to claims arising from the foreclosure of a residential mortgage.[45] Other courts, however, have held that the FBPA may apply to such claims.[46] Even assuming the FBPA may apply to claims arising from the foreclosure of a residential mortgage, Plaintiff's FBPA claim must be dismissed because he has failed to sufficiently allege Defendant engaged in any unfair or deceptive practice in the conduct of a consumer transaction. Plaintiff alleges that Defendant "invited" him to submit a loan modification application, but Defendant "engaged in 'dual track foreclosure' by failing to process, or engaging in delay tactics in processing" the

---

[43] *Id.* at § 10-1-396(1).
[44] *Chancellor v. Gateway Lincoln-Mercury, Inc.*,
[45] *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1376 (M.D. Ga. 2011) (citations omitted) ("Since the area of mortgage transactions is heavily regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act, courts have found it appropriate to dismiss FBPA claims that allege injury based on mortgage transactions."); *see also Austin v. Bank of Am., N.A.*, No. 1:11-CV-3346-RWS, 2012 WL 928732 at *2 (N.D. Ga. March 16, 2012) (explaining that "[t]he FBPA does not apply to residential mortgage transactions" because "[t]he areas of mortgage transactions is regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act.").
[46] *See Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1381 (N.D. Ga. 2012) (rejecting defendant's argument that "the FBPA does not apply to residential mortgage transactions," reasoning that "[t]his appears to be an overly broad interpretation of the statute's exemption of '[a]ctions or transactions *specifically authorized* under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States.'" (quoting O.C.G.A. § 10-1-396(1)))).

application and then arbitrarily denying the application.[47] Plaintiff does not allege Defendant deceived him about its intention to commence and pursue foreclosure or that Defendant made any enforceable promise or commitment that the Loan would be modified. Plaintiff also fails to identify any facts about "false servicer fees" or how these fees were false. Plaintiff's FBPA claim is **DISMISSED without prejudice**.

### 4. Fraud (Count VI)

Under Georgia law, a plaintiff alleging a claim for fraud must establish five elements: "(1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff."[48] In addition, Federal Rule of Civil Procedure 9(b) requires that a claim for fraud be pled "with particularity." To comply with Rule 9(b), a plaintiff must allege: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud."[49]

---

[47] Complaint, ¶¶13-16.
[48] *Summit Auto. Grp., LLC v. Clark*, 298 Ga. App. 875, 880 (2009) (citation and punctuation omitted).
[49] *U.S. ex rel. Clausen v. Lab Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002).

In other words, "to avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud."[50]

Plaintiff fails to state a fraud claim under Georgia law and fails to allege the required elements of fraud with sufficient particularity under Rule 9(b). Plaintiff merely alleges "Defendant misrepresented the true balance of the Loan and [its] true status as a servicer" with reckless disregard of the truth, and Plaintiff relied on these "misrepresentations" and continued to negotiate with Defendant.[51] Even if such statements constitute "precisely what statements were made," Plaintiff has failed to identify how Defendant misrepresented the balance of the Loan, what the true balance was, how any misrepresentation was communicated, who made the misrepresentation, or even when such misrepresentation occurred. In short, Plaintiff has not pled sufficient facts to establish the "who, what, when, where, and how" of the alleged fraud or allow the Court "to infer more than the mere possibility of misconduct."[52] Thus, Plaintiff has failed to state any fraud claim with particularity, and such claim is hereby **DISMISSED without prejudice**.

   5. **Unjust Enrichment (Count VII)**

---

[50] *Graham v. Mortgage Electronic Registration Systems, Inc.*, Civil Action No. 2:11-CV-253-RWS, 2012 WL 527665 at *3 (N.D. Ga. Feb. 17, 2012) (quoting *Mathis v. Velsicol Chemical Corp.*, 786 F. Supp. 971, 976-77 (N.D. Ga. 1991)).
[51] Complaint ¶¶ 61-62.
[52] *Iqbal*, 556 U.S. at 679.

13

In Count VII, Plaintiff conclusively alleges "Defendant's collection of False Servicer Fees constitutes unjust enrichment."[53] Under Georgia law, "unjust enrichment is available only when there is no legal contract."[54] Because Plaintiff's claim stems from a loan contract, he has no valid claim for unjust enrichment. Thus, this claim is **DISMISSED with prejudice**.

### 6. TILA and RESPA

Although not specifically enumerated, Plaintiff also appears to assert claims under TILA and RESPA. Plaintiff alleges on June 10, 2018, he "sent Defendant a request for disclosure, rescission, and validation of debt" and a qualified written request[55], but Defendant failed to respond in violation of both TILA and RESPA.[56] Plaintiff claims Defendant "charged and collected from Plaintiff inappropriate servicing fees and charges that never actually accrued."[57]

### a. TILA

To the extent Plaintiff alleges that he has a right to rescind the loan transaction under TILA, such claim fails. Residential mortgage transactions such as Plaintiff's are specifically exempted from TILA's rescission provision.[58] Even if Plaintiff's Loan

---

[53] Complaint ¶ 65.
[54] *Joseph v. Federal Home Loan Mortg. Corp.*, Civil Action No. 1:12-CV-1022-RWS, 2012 WL 5429639 at *6 (N.D. Ga. 2012) (citation omitted).
[55] Complaint ¶ 17.
[56] *Id.* at ¶ 19.
[57] *Id.* at ¶ 20.
[58] *See* 15 U.S.C. § 1635(e)(1).

14

transaction was a mortgage refinancing transaction, and thus subject to TILA's notice and rescission provisions, the rescission period is only extended until three years after the consummation of the transaction (i.e., the date of closing).[59] Plaintiff obtained his loan in 2007; thus, to the extent Plaintiff ever had a valid claim for rescission under TILA, such right has long expired. In addition, to the extent Plaintiff claims monetary damages for any material nondisclosures at the time the transaction closed, they are barred by TILA's one-year statute of limitations for such claims.[60] Thus, any claims brought pursuant to TILA are hereby **DISMISSED with prejudice**.

   b. **RESPA**

Plaintiff also appears to allege that Defendant failed to respond to a qualified written request ("QWR") made under RESPA. Under 12 U.S.C. § 2605(e), a borrower may send a mortgage servicer a QWR seeking either account corrections or information about the account. A QWR is "a written correspondence [that] . . . includes, or otherwise enables the servicer to identify, the name and account of the borrower; and . . . includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."[61] The servicer must acknowledge receipt of the QWR within 20

---

[59] 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).
[60] 15 U.S.C. § 1640(e); *see also In re Smith*, 737 f.3d 1549, 1552 (11th Cir. 1984) (holding that a TILA violation occurs "when the transaction is consummated" and that "[n]ondisclosure is not a continuing violation for purposes of the statute of limitations.").
[61] 12 U.S.C. § 2605(e)(1)(B).

15

days, and must provide the borrower with a written explanation or clarification with 60 days.[62]

"In order to state a claim for a violation of Section 2605(e), a plaintiff must allege facts to support that (1) the defendant is a loan servicer; (2) the plaintiff sent the defendant a valid QWR; (3) the defendant failed to adequately respond within the required statutory period; and (4) the plaintiff is entitled to actual or statutory damages."[63] "A loan servicer who fails to respond to a QWR is liable for the failure, but a borrower is limited to actual damages, unless the failure to respond was part of a "pattern or practice of noncompliance" with RESPA's requirements."[64] An allegation of damages is a necessary element of any claim under § 2605.[65]

Here, Plaintiff fails to state a valid RESPA claim. Plaintiff fails to provide any allegations about the content of his QWR, and he did not attach copies of the QWR to his Complaint. Indeed, no facts show his mailing met the statutory requirements of a QWR; Plaintiff's allegations are only "labels and conclusions" and thus insufficient to state a claim.[66] Thus, Plaintiff's RESPA claim is hereby **DISMISSED without prejudice.**

---

[62] *Id.* at § 2605(e)(1)(A), (e)(2).
[63] *Ghee v. JPMorgan Chase Bank, N.A.*, Civil Action No. 2017-CV-292658, 2018 WL 1833516, *6 (N.D. Ga. Feb. 13, 2018) (citations omitted); *see also* 12 U.S.C. § 2605;
[64] *Id.* (citations omitted).
[65] *Frazile v. EMC Mortg. Corp.*, 382 Fed. App'x 833, 836 (11th Cir. 2010).
[66] *Twombly*, 550 U.S. at 555.

### 7. Declaratory Relief

Finally, in Count IV, Plaintiff alleges that his loan was secured by a credit default swap agreement, and the true owner of the loan was "made whole" by such payout, suffering no loss from Plaintiff's "purported default."[67] Under both federal and Georgia law, a declaratory judgment is only available in a case of "actual controversy."[68] The issue is "whether the facts alleged, under all circumstances, show that there is substantial controversy, between parties having legal adverse interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment."[69] As discussed above, Plaintiff fails to state any substantive claim for relief, and thus the facts alleged in the Complaint fail to show a substantial controversy between the parties. Accordingly, Plaintiff's claim for declaratory judgment is **DISMISSED**.

### II. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff also requests a temporary restraining order to enjoin the foreclosure sale of his Property scheduled for March 5, 2019. A plaintiff seeking a temporary restraining order must establish that (1) there is a substantial likelihood of success on the merits; (2) the temporary restraining order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the temporary restraining order would cause to the nonmovant; and (4) the temporary restraining order would not be averse to the

---

[67] *Id.* at ¶¶ 50, 52.
[68] *See* 28 U.S.C. § 2201(a); O.C.G.A. § 9-4-2(a).
[69] *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

public interest.[70] As detailed above, Plaintiff has failed to state any claim for relief, and certainly cannot show a substantial likelihood of success on the merits of any of his claims. Moreover, he has failed to show irreparable injury. Thus, his Motion for Temporary Restraining Order is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Court **HEREBY GRANTS** Defendants' Motion to Dismiss [Doc. 3] and **DISMISSES** Plaintiff's Complaint [Doc. 1-1] for failure to state a claim upon which relief can be granted. Plaintiff's claims for conversion, attempted wrongful foreclosure, unjust enrichment, and any claim under TILA are **DISMISSED WITH PREJUDICE**. Plaintiff's claims for fraud, unfair and deceptive business practices, and under RESPA are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Motion for Temporary Restraining Order [Doc. 10] is **DENIED.**

**SO ORDERED,** this 5th day of February, 2019.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[70] *See Parker v. State Bd. Of Pardons and Paroles*, 275 F.3d 1032, 035 (11th Cir. 2001).